45 F.3d 441
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernie YOUNG, Plaintiff-Appellant,
v.
Alex SHILAOS, Don Blackburn, Defendants-Appellees.
 No. 93-4197.
 United States Court of Appeals, Tenth Circuit.
 Jan. 11, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is a purported appeal from an order entered in a pro se case seeking relief under 42 U.S.C.1983. Appellees contest our jurisdiction on the ground appellant has not perfected the appeal in a timely manner. Our review of the record, even granting deference to Mr. Young's pro se status, leads us to conclude we do not have jurisdiction, and we dismiss.
 
 
 2
 The record in this case is a jumble of circumstances almost impossible to ferret from the record. The principal difficulty is the obfuscation created by Mr. Young's lack of understanding of the rules of civil procedure and his propensity to attempt relitigation of issues long since resolved. Nonetheless, we have searched Mr. Young's papers for something we may consider the functional equivalent of a notice of appeal that would give us appellate jurisdiction.
 
 
 3
 That search has disclosed several circumstances. A summary judgment of dismissal on the merits of the complaint was entered by the district court on September 3, 1991. At that time, Mr. Young made no effort to appeal. Nonetheless, on September 9, 1991, he filed an untimely objection to a recommendation of a Magistrate Judge that had been made on August 2, 1991. Despite the tardiness of the objection, in the exercise of abundant latitude, the court allowed Mr. Young additional time to raise any issues he believed were still pending. Plaintiff responded with various documents, including his own motion for summary judgment. On August 26, 1992, the district court denied reconsideration, holding it could find no reason to set aside the judgment entered on September 3, 1991. Mr. Young responded to this order with a series of filings.
 
 
 4
 On August 31, 1992, he filed an "objection" to the court's order of August 26. On September 8, 1992, he filed an "Objection to Defendants [sic] Response to Plaintiffs [sic] Objection to Order." Neither of these documents were addressed by the court, and Mr. Young made no effort to obtain relief.
 
 
 5
 Almost nine months later, on June 18, 1993, defendant Blackburn filed a motion to strike "Plaintiff's Request for Information, etc." The document to which the motion to strike refers is not a matter of record. Plaintiff responded on June 28, 1993, with a reassertion of facts previously resolved by the district court, a demand that "perjury charges" be instituted against Mr. Blackburn, and a demand for the production of records.
 
 
 6
 On September 10, 1993, the district court entered an order denying any relief to the plaintiff on the ground the finality of the judgment entered September 3, 1991 precluded the court from acting and there were no grounds for exercise of ancillary jurisdiction. The court stated, "This court's judgment entered September 3, 1991 'was a final dismissal on the merits, concluding the litigation between [these parties]. It left no substantive issue unresolved and it contained no provisions for equitable relief that would have required ongoing supervision by the district court.' " (quoting Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 781 (1st Cir.1988)).
 
 
 7
 On October 5, 1993, Mr. Young filed an "Objection to the Order of September 10, 1993" coupled with a "Request for Perjury Charges and Counsel." This objection once again reiterated factual assertions already disposed of together with a litany of conclusory allegations against the defendant and the court's prior rulings.
 
 
 8
 On October 14, 1993, Mr. Young filed in this court a "Notice of Appeal" from the district court's order of "10-10-93." The record contains no order dated October 10, 1993, so we assume Mr. Young was referring to the order of September 10, 1993. This notice sets forth in conclusory fashion allegations apparently pertinent to Mr. Young's original complaint dismissed by the district court on September 3, 1991, as well as to defendant Blackburn's "perjury" before the district court. This same document had previously been filed in the district court on October 5, 1993.
 
 
 9
 To the extent we can make sense of Mr. Young's papers, it appears he is attempting to appeal the summary judgment entered against him on September 3, 1991. This attempt fails because it is untimely and we have no jurisdiction. In re Weston, 18 F.3d 860, 862 (10th Cir.1994); Fed. R.App. P. 4(a)(4). Assuming the notice of appeal can be construed as an attempt to appeal from the orders entered in the district court on September 10, 1993, nothing contained in that disposition was a final order subject to appeal.
 
 
 10
 Our jurisdiction extends only to final judgments of the district court. 28 U.S.C. 1291; see also United States v. Storey, 2 F.3d 1037, 1040 (10th Cir.1993). Final orders are those that end the litigation on the merits and leave nothing for the district court to do except execute upon the judgment. Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988). The district court's order of September 10, 1993 was not such an order because the litigation on the merits had been concluded two years previously. Nor could it have been regarded as the disposition of a post judgment motion that would have suspended the effect of the summary judgment because no such motion had been timely filed. Fed.R.Civ.P. 59(e) and 60(b). Because we have no appellate jurisdiction, this appeal is DISMISSED.[2] All pending motions are DENIED as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although it is not before us, we note with some curiosity in its order of September 10, 1993, and a subsequent amended judgment entered September 23, 1993, the district court awarded attorney fees to defendant under 42 U.S.C.1988. To the extent the court denied relief to plaintiff because of the finality of the judgment entered two years before, it is unexplained how it had jurisdiction to award attorney fees